UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO CURIONG,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>S. FRAUENHEIM,<br><br>　　　　Respondent. | Case No.: 1:15-cv-00864-AWI-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 12)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS |

　　　　In this action, Petitioner challenges a prison disciplinary hearing at which prison officials found him guilty of causing great bodily injury on another inmate and assessed him a loss of 360 days good time credit.  Because the Court agrees the petition was not time filed, the Court recommends the motion to dismiss be **GRANTED** and the petition **DISMISSED**.

**I.　　DISCUSSION**

　　　　A.　　Procedural Grounds for Motion to Dismiss

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows the court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court …"  The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

1

remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In his motion, Respondent argues the petition violates the one-year limitation period set forth in 28 U.S.C. 2244(d)(1). Because Respondent's motion is similar in procedural posture to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion under to its authority provided by Rule 4.

B.      Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 2, 2015[1], and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Where a petitioner challenges a prison disciplinary action, direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. Redd v. McGrath, 343

---

[1] In Houston v. Lack, the Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation. Petitioner signed the instant petition on June 2, 2015. (Doc. 1, p. 6).

F.3d 1077, 1079 (9th Cir. 2003) (holding that the Board of Prison Term's denial of an inmate's administrative appeal was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations period); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004) (holding that the statute of limitations does not begin to run until a petitioner's administrative appeal has been denied).

Here, Petitioner pursued his administrative remedies until the final administrative appeal was denied on August 19, 2013. (Doc. 1, p. 56). Under 28 U.S.C. § 2244(d)(1)(D), Petitioner had one year from the following day, i.e., August 20, 2013, or until August 19, 2014, absent applicable tolling, in which to file his federal petition. As mentioned, Petitioner did not file the instant petition until June 2, 2015, approximately ten months after the limitation period had expired. Therefore, absent further tolling, the petition is untimely.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008) (per curium) (internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007; Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period between

3

finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Respondent has filed documents with the Court establishing that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Sacramento County on October 21, 2013 and denied on December 9, 2013 (Doc. 12, Exh. 1, p. 2; Ex. 2); (2) petition filed in the Sacramento Superior Court on September 16, 2014, and denied as successive and untimely on October 21, 2014 (Doc. 12, Exh. 3; 4); (3) petition filed in the California Court of Appeal on November 10, 2014 and denied on November 20, 2014 (Doc. 12, Exh. 5; 6); and (3) petition filed in the California Supreme Court on December 22, 2014 and denied on March 11, 2015. (Doc. 12, Exh. 7; 8).

As Respondent observes, Petitioner waited sixty-two days, from August 20, 2013 until October 21, 2013, before filing his first state habeas petition, leaving him 303 days remaining on his one-year period. Petitioner then waited another 280 days from the denial of his first petition on December 9, 2013, until he filed his second petition on September 16, 2014. Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state habeas petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003) (no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002) (no tolling during gap between first set of state petitions and second). In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition *at the same or a lower level*" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level.")(emphasis supplied).

Moreover, statutory tolling is inapplicable to periods between successive petitions--such as Petitioner's first and second state petitions, both filed in the Sacramento County Superior Court--that do not form part of a progressive series from the Superior Court, to the Court of Appeal, to the California Supreme Court. See Dils v. Small, 260 F.3d 984 (9th Circ. 2001) (statute of limitation not tolled during interval between successive state habeas petitions filed to the state's highest court); see also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level"); Saffold v. Newland, 250 F.3d 1262 (9th Circ. 2000). Accordingly, Petitioner is not entitled to "interval" or "gap" tolling between the denial of the first petition and the filing of the second petition. Thus, when the second petition was filed, Petitioner had already exhausted 342 days, leaving only 23 days remaining on his one-year period.[2]

Although Respondent argues that Petitioner is not entitled to further statutory tolling for the third and fourth petitions because they were, by implication, deemed untimely under the "look through" doctrine, the Court need not reach that question since, after the denial of his fourth petition in the California Supreme Court, Petitioner waited 83 days to file the instant petition. As mentioned, he had only 23 days remaining on his one-year period when he filed his second state petition. Even assuming that the second, third, and fourth petitions were "properly filed" under the AEDPA and entitled Petitioner to interval tolling, the one-year period would have expired 23 days after March 11, 2015, or on April 3, 2015. Since the instant petition was not filed under June 2, 2015, almost two months later, the petition is untimely and should be dismissed unless Petitioner is entitled to equitable tolling.

D.   Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

---

[2] Where a petitioner elects to begin a second round of petitions in the Superior Court before completing a full round of review through the highest available state court, the petitioner may be entitled to interval tolling between the first and second Superior Court petitions if the second petition is timely, and "the successive petition was attempting to correct deficiencies of a prior petition," because the petitioner "is still making proper use of state court procedures and habeas review is still pending." See Banjo v. Ayers, 614 F.3d 964, 968–69 (9th Cir.2010). A second round of properly filed California habeas petitions may also toll the § 2244(d)(1) period if the second is filed before the federal deadline expires; however, a second round will not toll the AEDPA deadline if the second petition is "untimely or an improper successive petition." See id., citing Townsend v. Knowles, 562 F.3d 1200, 1205 (9th Cir.), cert. denied, 558 U.S. 871, 130 S.Ct. 193, 175 L.Ed.2d 121 (2009) (untimely state court petition not properly filed). Under California state law, a successive petition presenting additional claims that could have been presented in an earlier collateral petition is, of necessity, a "delayed petition." See In re Clark, 5 Cal.4th 750, 770 (Cal.1993). Here, as mentioned, the Superior Court denied the second petition as both successive and untimely because Petitioner could have raised the additional claim in his original petition. Hence, Petitioner is not entitled to interval tolling under the AEDPA for the period between the first and second petitions.

tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997). The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1062, 1066 (9th Cir. 2002) (citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

In his opposition to the motion, Petitioner makes several claims of entitlement to equitable tolling. (Doc. 14). First, Petitioner contends that he was transferred several times from one prison to another and, during those periods, could not access his legal files for some period of time. The Court notes that none of Petitioner's allegations are presented as a declaration under penalty of perjury, and thus do not rise to the level of admissible evidence. However, even assuming Petitioner's allegations to be true, the various prison transfers and consequent lack of access to his legal files, while they may indeed be circumstances beyond his control, are hardly "extraordinary." Indeed, such transfers occur with great regularity among the general prison population in California and state inmates with petitions before this Court regularly argue equitable tolling based on lack of access to their records following such transfers. Based on the frequency with which such issues occur in this Court, these problems, while lamentable, are simply the cold reality of prison life and can hardly be deemed extraordinary for purposes of equitable tolling. Accordingly, such issues do not entitle Petitioner to equitable tolling.

Second, Petitioner implies that, prior to July 2014, he lacked access to an adequate prison law library. (Doc. 14, p. 8). However, just as a petitioner's claims of ignorance of the law, lack of education, or illiteracy are not grounds for equitable tolling, Raspberry v. Garcia, 448 F.3d 1150, 1154

(9th Cir. 2006); see, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991), unpredictable lockdowns (preventing access to the prison law library) or prison library closures or restricted hours do not constitute extraordinary circumstances warranting equitable tolling in this case. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan. 7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

Limited legal research resources are an unfortunate condition of prison life. If limited resources and lack of legal knowledge were excuses for not complying with the limitations period, Congress would have never enacted the AEDPA since most incarcerated prisoners have to endure these same problems. Thus, the limitations period will not be equitably tolled based upon such allegations.

Third, Petitioner argues that California's state timeliness bar is not "adequate," and thus cannot be used as a procedural bar against him. (Doc. 14, pp. 3-6). However, as Respondent correctly notes, Petitioner confuses the timeliness issue now before the Court with a state procedural bar of untimeliness, which requires a showing that the state procedural bar is both *adequate* to support the judgment and *independent* of federal law. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991); Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).[3] Here, the timeliness question at the forefront of the motion

---

[3] State courts may decline to review a claim based on a procedural default. Wainwright v. Sykes, 433 U.S. 72, 86–87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729; LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001); see Ylst v. Nunnemaker,

to dismiss is not a timeliness issue under state procedural default rules, but rather a timeliness question arising from the AEDPA's own one-year limitation period. In other words, it is a federal law, not a state procedural bar. While the Court has little doubt that timeliness as a state procedural bar is indeed both adequate and independent under California law, that issue is irrelevant to the current question. Accordingly, Petitioner's entire argument about "adequacy" has no bearing whatsoever on the Court's timeliness analysis.

Finally, it bears emphasis that Petitioner himself acknowledges that the filing of his successive and untimely second petition in the Superior Court was the result of his lack of legal knowledge and his inadvertence in omitting from the first petition the legal grounds that he had intended to include in the first petition, as well as his own failure to "state his grounds appropriately in the first petition." (Doc. 14, pp. 1-2). Such omissions, while understandable for a lay person, were fatal to his filing of a timely petition since they resulted in a successive and untimely second petition that started a new round of habeas petitions that excluded him from entitlement to sufficient statutory tolling to make the instant petition timely. Such omissions are clearly the responsibility of Petitioner and cannot reasonably be characterized as circumstances beyond his control.

## CONCLUSION

The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently tolled, whether statutorily or equitable, rests with Petitioner. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to

---

501 U.S. 797, 801 (1991); **Error! Main Document Only.**Park v. California, 202 F.3d 1146, 1150 (2000) ("A district court properly refuses to reach the merits of a habeas petition if the petitioner has defaulted on the particular state's procedural requirements . . . ."); see also Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935). This concept is commonly referred to as the procedural default doctrine, and is based on concerns of comity and federalism. Coleman, 501 U.S. at 730-32. If the court finds an independent and adequate state procedural ground, "federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice." Noltie v. Peterson, 9 F.3d 802, 804-805 (9th Cir. 1993); Coleman, 501 U.S. at 750; Park v. California, 202 F.3d 1146, 1150 (9th Cir. 2000).

**Error! Main Document Only.**The mere occurrence, however, of a procedural default will not necessarily bar a federal court from reviewing claims in a petition for writ of habeas corpus. In order for the procedural default doctrine to apply and thereby bar federal review, the state court determination of default must be grounded in state law that is both *adequate* to support the judgment and *independent* of federal law. Ylst, 501 U.S. at 801; Coleman, 501 U.S. at 729-30; see also Fox Film Corp., 296 U.S. at 210. Put another way, the procedural default doctrine will apply only if the application of the state procedural rule provides "an adequate and independent state law basis" on which the state court can deny relief. Park, 202 F.3d at 1151, *quoting*, Coleman, 501 U.S. at 729-30.

the tolling issue.  Accordingly, the petition is late and should therefore be dismissed.

## RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the motion to dismiss (Doc. 12), be **GRANTED** and the habeas corpus petition be **DISMISSED** for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **November 6, 2015**            **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE